Jeffrey S. Dubin (JD-0446)
Robert M. Saltzstein (RS-2815)
Attorneys for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
(631) 351-0300
(631) 351-1900 FAX
dubinjs@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------X
Demos Demopoulos, Steven Goldman,
Michael N. Romita, John Jack Dresch
and Joseph LaForgia: as TRUSTEES of the
LOCAL 553 BENEFITS FUND; and as
TRUSTEES of the LOCAL 553 PENSION
FUND; and as TRUSTEES of the LOCAL
553 DEFERRED COMPENSATION FUND,

                      Plaintiffs,

      -against-

MYSTIC TANK LINES CORP.,

                      Defendant.

---------------------------------------------X

Civil Action No.
07cv09451(DC/MHD)
ECF Case

COMPLAINT

Plaintiffs, complaining of the defendant, by their attorneys, JEFFREY S. DUBIN and ROBERT M. SALTZSTEIN, allege as follows:

1.    This is an action by the Trustees of three employee benefit plans, to enforce the obligations of the defendant to make contributions to these plans and for interest, additional interest, reasonable attorney's fees and costs of action. The jurisdiction of this Court is invoked under Section 502 of the Employee Retirement Income Security Act of 1974 (E.R.I.S.A.), as amended,

29 U.S.C. § 1132.

2.  Demos Demopoulos, Steven Goldman, Michael N. Romita, John Jack Dresch and Joseph LaForgia as the plaintiff Trustees of the Local 553 Benefits Fund (Trustees of the Benefits Fund) and as the plaintiff Trustees of the Local 553 Pension Fund (Trustees of the Pension Fund) and as the plaintiff Trustees of the Local 553 Deferred Compensation Fund (Trustees of the Deferred Compensation Fund), are and were fiduciaries within the meaning of Section 3(21)(A) of E.R.I.S.A., 29 U.S.C. § 1002(21)(A).

3.  The Local 553 Benefits Fund (Benefits Fund) and the Local 553 Pension Fund (Pension Fund) and the Local 553 Deferred Compensation Fund (Deferred Compensation Fund) are and were employee benefit plans within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § 1002(3).

4.  The Benefits Fund and the Pension Fund and the Deferred Compensation Fund (Fringe Benefit Funds) are and were administered within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, within the City, County and State of New York.

5.  Upon information and belief, the defendant is and was a corporation, incorporated under the laws of the State of New York. Defendant is and was an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

6.  At all times relevant hereto, defendant has been doing business in this district within the meaning of 28 U.S.C. § 1391.

7.  Heretofore, defendant entered into a contract which, *inter alia*, provided for contributions by defendant to the Fringe Benefit Funds for certain hours worked by participants employed by said defendant. The Fringe Benefit Funds are third party beneficiaries of said contract.

8.  Pursuant to said contract, defendant employed persons who were participants in the Fringe Benefit Funds within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), while said contract was in full force and effect.

9.  Pursuant to said contract, defendant is required to make contributions to plaintiffs for the period June 1, 2007 to August 31, 2007.

AS AND FOR A FIRST CLAIM
FOR RELIEF ON BEHALF OF THE
<u>PLAINTIFF TRUSTEES OF THE BENEFITS FUND</u>

10.  Plaintiff Trustees of the Benefits Fund, repeat and reallege each and every allegation set forth in paragraphs 1 through 9.

11.  Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

AS AND FOR A SECOND CLAIM
FOR RELIEF ON BEHALF OF THE
<u>PLAINTIFF TRUSTEES OF THE PENSION FUND</u>

12.  Plaintiff Trustees of the Pension Fund, repeat and reallege each and

every allegation set forth in paragraphs 1 through 9.

13. Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

AS AND FOR A THIRD CLAIM
FOR RELIEF ON BEHALF OF THE PLAINTIFF
TRUSTEES OF THE DEFERRED COMPENSATION FUND

14. Plaintiff Trustees of the Deferred Compensation Fund, repeat and reallege each and every allegation set forth in paragraphs 1 through 9.

15. Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

WHEREFORE, plaintiffs demand judgment in accordance with E.R.I.S.A. Section 502(g)(2), 29 U.S.C. § 1132(g)(2):

1. On the First Claim for Relief in favor of plaintiff Trustees of the Benefits Fund and against defendant in the amount of $0.00.

2. On the First Claim for Relief, in accordance with Section

502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiff Trustees of the Benefits Fund and against defendant:

    a.    interest of 18% per annum on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made;

    b.    additional interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.§§ 1132(g)(2)(C) and (E);

    c.    reasonable attorneys fees and costs of the action, pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

3.    On the Second Claim for Relief in favor of plaintiff Trustees of the Pension Fund and against defendant in the amount of $197,682.24.

4.    On the Second Claim for Relief, in accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiff Trustees of the Pension Fund and against defendant:

    a.    interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made;

    b.    additional interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.§§

1132(g)(2)(C) and (E);

  c. reasonable attorneys fees and costs of the action, pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

  5. On the Third Claim for Relief in favor of plaintiff Trustees of the Deferred Compensation Fund and against defendant in the amount of $0.00.

  6. On the Third Claim for Relief, in accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiff Trustees of the Deferred Compensation Fund and against defendant:

  a. interest of 10% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made;

  b. additional interest of 10% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.§§ 1132(g)(2)(C) and (E);

  c. reasonable attorneys fees and costs of the action, pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

AND, for such other relief pursuant to E.R.I.S.A., as this Court deems appropriate.

Dated: October 15, 2007

                                                                      _____
Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
(631) 351-0300
(631) 351-1900 FAX
dubinjs@cs.com

To:    Defendant (Fed.R.Civ.Pro. § 4)
       United States District Court (Fed.R.Civ.Pro. § 3)
       Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h))
           RRR#:7007 0220 0001 9297 2431
       Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h))
           RRR# 7007 0220 0001 9297 2424