# Exhibit A

Jeffrey S. Dubin (JD-0446)
Robert M. Saltzstein (RS-2815)
Attorneys for Plaintiffs
464 New York Avenue
Suite 100
Huntington, New York 11743
(631) 351-0300
(631) 351-1900 FAX
dubinjs@cs.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

Demos Demopoulos, Steven Goldman,
Michael N. Romita, John Jack Dresch
and Joseph LaForgia: as TRUSTEES of the
LOCAL 553 BENEFITS FUND; and as
TRUSTEES of the LOCAL 553 PENSION
FUND; and as TRUSTEES of the LOCAL
553 DEFERRED COMPENSATION FUND,

Civil Action No.
07cv09451(DC/MHD)
ECF Case

                                        Plaintiffs,

            -against-                                    AMENDED
                                                         COMPLAINT

MYSTIC TANK LINES CORP.,

                                        Defendant.

----------------------------------------X

        Plaintiffs, complaining of the defendant, by their attorneys, JEFFREY S.

DUBIN and ROBERT M. SALTZSTEIN, allege as follows:

        1.      This is an action by the Trustees of three employee benefit plans,

to enforce the obligations of the defendant to make contributions to these

plans and for interest, additional interest, reasonable attorney's fees and costs

of action. The jurisdiction of this Court is invoked under Section 502 of the

Employee Retirement Income Security Act of 1974 (E.R.I.S.A.), as amended,

29 U.S.C. § 1132.

2.    Demos Demopoulos, Steven Goldman, Michael N. Romita, John Jack Dresch and Joseph LaForgia as the plaintiff Trustees of the Local 553 Benefits Fund (Trustees of the Benefits Fund) and as the plaintiff Trustees of the Local 553 Pension Fund (Trustees of the Pension Fund) and as the plaintiff Trustees of the Local 553 Deferred Compensation Fund (Trustees of the Deferred Compensation Fund), are and were fiduciaries within the meaning of Section 3(21)(A) of E.R.I.S.A., 29 U.S.C. § 1002(21)(A).

3.    The Local 553 Benefits Fund (Benefits Fund) and the Local 553 Pension Fund (Pension Fund) and the Local 553 Deferred Compensation Fund (Deferred Compensation Fund) are and were employee benefit plans within the meaning of Section 3(3) of E.R.I.S.A., 29 U.S.C. § 1002(3).

4.    The Benefits Fund and the Pension Fund and the Deferred Compensation Fund (Fringe Benefit Funds) are and were administered within this district within the meaning of Section 502(e)(2) of E.R.I.S.A., 29 U.S.C. § 1132(e)(2), to wit, within the City, County and State of New York.

5.    Upon information and belief, the defendant is and was a corporation, incorporated under the laws of the State of New York. Defendant is and was an employer within the meaning of Section 3(5) of E.R.I.S.A., 29 U.S.C. § 1002(5).

6.    At all times relevant hereto, defendant has been doing business in this district within the meaning of 28 U.S.C. § 1391.

7.    Heretofore, defendant entered into a contract which, *inter alia*, provided for contributions by defendant to the Fringe Benefit Funds for certain hours worked by participants employed by said defendant. The Fringe Benefit Funds are third party beneficiaries of said contract.

8.    Pursuant to said contract, defendant employed persons who were participants in the Fringe Benefit Funds within the meaning of Section 3(7) of E.R.I.S.A., 29 U.S.C. § 1002(7), while said contract was in full force and effect.

9.    Pursuant to said contract, defendant is required to make contributions to plaintiffs for the period June 1, 2007 to September 30, 2007.

### AS AND FOR A FIRST CLAIM
### FOR RELIEF ON BEHALF OF THE
### PLAINTIFF TRUSTEES OF THE BENEFITS FUND

10.    Plaintiff Trustees of the Benefits Fund, repeat and reallege each and every allegation set forth in paragraphs 1 through 9.

11.    Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

### AS AND FOR A SECOND CLAIM
### FOR RELIEF ON BEHALF OF THE
### PLAINTIFF TRUSTEES OF THE PENSION FUND

12.    Plaintiff Trustees of the Pension Fund, repeat and reallege each and

every allegation set forth in paragraphs 1 through 9.

13.    Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

AS AND FOR A THIRD CLAIM
FOR RELIEF ON BEHALF OF THE PLAINTIFF
TRUSTEES OF THE DEFERRED COMPENSATION FUND

14.    Plaintiff Trustees of the Deferred Compensation Fund, repeat and reallege each and every allegation set forth in paragraphs 1 through 9.

15.    Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

WHEREFORE, plaintiffs demand judgment in accordance with E.R.I.S.A. Section 502(g)(2), 29 U.S.C. § 1132(g)(2):

1.    On the First Claim for Relief in favor of plaintiff Trustees of the Benefits Fund and against defendant in the amount of $0.00.

2.    On the First Claim for Relief, in accordance with Section

Page 4 of 7

502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiff Trustees of the Benefits Fund and against defendant:

        a.     interest of 18% per annum on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made;

        b.     additional interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.§§ 1132(g)(2)(C) and (E);

        c.     reasonable attorneys fees and costs of the action, pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

        3.     On the Second Claim for Relief in favor of plaintiff Trustees of the Pension Fund and against defendant in the amount of $264,447.07.

        4.     On the Second Claim for Relief, in accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiff Trustees of the Pension Fund and against defendant:

        a.     interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made;

        b.     additional interest of 18% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.§§

1132(g)(2)(C) and (E);

        c.    reasonable attorneys fees and costs of the action, pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

      5.    On the Third Claim for Relief in favor of plaintiff Trustees of the Deferred Compensation Fund and against defendant in the amount of $0.00.

      6.    On the Third Claim for Relief, in accordance with Section 502(g) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2), awarding plaintiff Trustees of the Deferred Compensation Fund and against defendant:

        a.    interest of 10% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(B) and (E), 29 U.S.C. §§ 1132(g)(2)(B) and (E) from the first day of the month when payment was due, to the date when payment is made;

        b.    additional interest of 10% on said unpaid contributions pursuant to E.R.I.S.A. Section 502(g)(2)(C) and (E), 29 U.S.C.§§ 1132(g)(2)(C) and (E);

        c.    reasonable attorneys fees and costs of the action, pursuant to Section 502(g)(2)(D) of E.R.I.S.A., 29 U.S.C. § 1132(g)(2)(D).

AND, for such other relief pursuant to E.R.I.S.A., as this Court deems appropriate.

Dated: October 25, 2007

Jeffrey S. Dubin (JD-0446)
Attorney for Plaintiffs
464 New York Avenue
Suite 100
Huntington, NY 11743
(631) 351-0300
(631) 351-1900 FAX
dubinjs@cs.com

To:   Defendant (Fed.R.Civ.Pro. § 4)
      United States District Court (Fed.R.Civ.Pro. § 3)
      Secretary of Labor-by Cert. Mail (29 U.S.C. § 1132(h)
           RRR#:7007 0220 0001 9297 2356
      Secretary of Treas.-by Cert. Mail (29 U.S.C. § 1132(h)
           RRR# 7007 0220 0001 9297 2349

# MYSTIC TANK LINES, CORP.

## PENSION FUND
## Accrued Interest from 1/107 through 9/07
## Remittance Owed for only 9/07

| DATE REC'D | PERIOD COVERED | HOUR | RATE | CONT. | INT. | INT AMT | MO | TOTAL INT. AMT |
|---|---|---|---|---|---|---|---|---|
| 6/19/07 | 03-01-07 -3-31-07 (HIGHEST REMIT IN LAST 12-MO.) | 44,373.12 plus 10% | 1.35 | $59,903.71 | | | | |
| 3/30/07 | 01-01-07-01-31-07 | 25,464.02 | 1.35 | $34,376.43 | 18% | $ 515.65 | 8 | $4,125.20 |
| 4/13/07 | 02-01-07-02-28-07 | 35,485.82 | 1.35 | $ 47,905.86 | 18% | $ 718.59 | 7 | $ 5,030.13 |
| 6/19/07 | 03-01-07-03-31-07 | 44,373.12 | 1.35 | $ 59,903.71 | 18% | $ 898.56 | 6 | $5,391.36 |
| 8/8/07 | 04-01-07-04-30-07 | 36,528.57 | 1.35 | $ 49,313.57 | 18% | $ 739.70 | 5 | $ 3,698.50 |
| 9/19/07 | 05-01-07-05-31-07 | 44,959.48 | 1.35 | $ 60,695.30 (11,748.95) | 18% | $734.20 | 4 | $ 2,936.78 |
| | 05-01-07-05-31-07 (HIGHEST REMIT IN LAST 12-MOS | | | | | | | |
| | 06-01-07-06-30-07 | 49,455.43 | 1.35 | $ 66,764.83 | 18% | $ 1,001.47 | 3 | $ 3,004.41 |
| | 07-01-07-07-31-07 | 49,455.43 | 1.35 | $ 66,764.83 | 18% | $1,001.47 | 2 | $ 2,002.94 |
| | 08-01-07-08-31-07 | 49,455.73 | 1.35 | $66,764.83 | 18% | $1,001.47 | 1 | $ 1,001.47 |
| | 09-01-07-09-30-07 (HIGHEST REMIT IN LAST 12-MO.) | 49,455.43 | 1.35 | $66,764.83 | 18% | $1,001.47 | 1 | $1,001.47 |

TOTAL AMOUNT DUE PENSION : $ 94,957.09

Interest accrued 1/07 through 9/07 =    $28,192.29; plus
9/07 Remittance =    $66,764.83
$94,957.09

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Index # 07 CIV 9451
Date Index # Filed 10/23/07

N

---

Plaintiff(s)

DEMOS DEMOPOULOS, STEVEN GOLDMAN, MICHAEL N. ROMITA,
ET AL.,

- against -

AFFIDAVIT

Defendant(s)

MYSTIC TANK LINES CORP.

Jeffrey S. Dubin
464 New York Ave.#100
Huntington, NY 11743

---

Court Date:
Your File No:
Our Rec. No: 271967

STATE OF NEW YORK: COUNTY OF NASSAU: ss:

Kevin T.Mulhern LIC#749086, being duly sworn deposes and says deponent is not a party
to this action and is over the age of eighteen and resides in the State of New York.

That on 11/08/07 at 1:40PM at:

1901 STEINWAY STREET
ASTORIA, NY 11105

deponent served the within SUMMONS, AMENDED COMPLAINT, JUDGE'S INDIVIDUAL RULES &**
on MYSTIC TANK LINES CORP. recipient therein named.

By delivering to and leaving with JOE LOMBARDI
at 1901 STEINWAY ST., ASTORIA, NY
and that he knew the person so served to be the MANAGING AGENT
of the corporation.

A description of the recipient or other person served on behalf of the recipient is as follows:

Approximate Age: 48     Approximate Weight: 180     Approximate Height: 5'10"
Color of Skin: WHITE          Color of Hair: BROWN***        Sex: MALE
***BALDING.....**INSTRUCTIONS, PROCEDURES AND GUIDELINES FOR
FILING AN ELECTRONIC CASE

Deponent asked the person spoken to whether the defendant was presently in the military service of the United States Government or on active
duty in the military service in the State of New York and was informed he was not. Your deponent further says that he knew the person so
served to be the person mentioned and described in said legal papers as defendant/respondent therein. Your deponent is over the age of 18
years and is not a party to this action.

Sworn to before me this date 11/13/07
Bruce J Smilowitz #01SM4965926
Notary Public, State of New York
Nassau County, Commission Expires 04/30/2010

Kevin T.Mulhern LIC#749086

# Exhibit B

Ronald B. Goodman (RG6601)
Philip T. Simpson (PS9707)
ROBINSON BROG LEINWAND GREENE
    GENOVESE & GLUCK P.C.
Attorneys for Defendant
1345 Avenue of the Americas
New York, New York 10105-0143
(212) 603-6300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
Demos Demopoulos, Steven Goldman,                    :
Michael N. Romita, John Jack Dresch and              :
Joseph LaForgia: as TRUSTEES of the                  :    Civil Action No.
LOCAL 553 PENSION FUND; and as                       :    07 CIV 9451 (DC)(MHD)
TRUSTEES of the LOCAL 553 DEFERRED                   :    ECF Case
COMPENSATION FUND,                                   :
                                                     :    ANSWER
                                                     :    _____
                              Plaintiffs,            :
                                                     :
        -against-                                    :
                                                     :
MYSTIC TANK LINES CORP.,                             :
                                                     :
                              Defendant.             :
-------------------------------------------------------------x

        Defendant Mystic Tank Lines Corp. by its attorneys Robinson Brog Leinwand

Greene Genovese & Gluck P.C., for its Answer to the Amended Complaint in this action, states

as follows:

        1.      Responding to paragraph 1 of the Amended Complaint, admits that this

Court has jurisdiction of this action, denies that it was necessary for plaintiffs to bring this action

to enforce defendant's obligations under E.R.I.S.A., and denies liability for interest, additional

interest, reasonable attorney's fees and costs.

2.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraphs 2 through 4 of the Amended Complaint.

3.      Admits the allegations of paragraphs 5 and 6 of the Amended Complaint.

4.      Responding to paragraph 7 of the Amended Complaint, admits entering into a contract with Local 553 and refers the Court to said contract for the terms and meaning thereof.

5.      Admits the allegations of paragraphs 8 and 9 of the Amended Complaint.

6.      Responding to paragraph 10 of the Amended Complaint, repeats the admissions and denials set forth above.

7.      Denies the allegations of paragraph 11 of the Amended Complaint, and specifically asserts that defendant has paid the contributions due from defendant in respect of the months of June 2007 through and including September 2007, referred to in paragraph 9 of the Amended Complaint.

8.      Responding to paragraph 12 of the Amended Complaint, repeats the admissions and denials set forth above.

9.      Denies the allegations of paragraph 13 of the Amended Complaint, and specifically asserts that defendant has paid the contributions due from defendant in respect of the months of June 2007 through and including September 2007, referred to in paragraph 9 of the Amended Complaint.

10.     Responding to paragraph 14 of the Amended Complaint, repeats the admissions and denials set forth above.

11.     Denies the allegations of paragraph 15 of the Amended Complaint, and specifically asserts that defendant has paid the contributions due from defendant in respect of the months of June 2007 through and including September 2007, referred to in paragraph 9 of the Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

12.     As and for a first affirmative defense, asserts payment.

## SECOND AFFIRMATIVE DEFENSE

13.     As and for a second affirmative defense, asserts that the Amended Complaint fails to state a claim upon which relief can be granted, in that the prayer for relief set forth in paragraphs 1 (First Claim for Relief) and 5 (Third Claim for Relief) states that the amount owing by defendant to plaintiffs is "$0.00."

## THIRD AFFIRMATIVE DEFENSE

14.     As and for a third affirmative defense, asserts the doctrine of waiver.

WHEREFORE, defendant prays that plaintiffs take nothing by way of their Amended Complaint, that the Amended Complaint be dismissed, that defendant recover its costs and such reasonable attorney's and disbursements as may be permitted, and for all such other and further relief as the Court finds to be just and proper.

{00371081.DOC;1}

Dated: New York, New York
      January 21, 2008

ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

by: _____
      Philip T. Simpson (PS 9707)
Attorneys for Defendant
1345 Avenue of the Americas
New York, New York 10105
(212) 603-6300
pts@robinsonbrog.com

To:    FRIEDMAN & WOLF
       Attorneys for Plaintiffs
       Attn:  William K. Wolf
       1500 Broadway, Suite 2300
       New York, New York 10036
       212.354.4500
       wwolf@friedmanwolf.com

{00371081.DOC;1}            4

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

DEMOS DEMOPOULIS et al.,
                                    :
                    Plaintiffs,                    ORDER
                                    :
          -against-                        07 Civ. 9451 (DC)(MHD)
                                    :
MYSTIC TANK LINES CORP.,

                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE:
```

     It is hereby **ORDERED** that a settlement conference has been

scheduled in the above-captioned action on **MONDAY, APRIL 21, 2008**

**at 2:00 PM**, at which time you are directed to appear in Courtroom

17D, 500 Pearl Street, New York, New York 10007-1312.  Any

requests for adjournment of this scheduled conference must be in

writing, with copies to all other parties, and must be preceded

by reasonable efforts by the requesting party to obtain the

consent of those parties.


**DATED:  New York, New York**
         **April 14, 2008**


                              SO ORDERED.



                              _____
                              **MICHAEL H. DOLINGER**
                              **UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT C

FRIEDMAN & WOLF

ATTORNEYS AT LAW

1500 BROADWAY

NEW YORK, NEW YORK 10036

(212) 354-4500

EUGENE S. FRIEDMAN
WILLIAM K. WOLF
MICHAEL BAUMAN
WILLIAM ANSPACH
—————
ABIGAIL R. LEVY
NATHAN V. BISHOP
AMIE RAVITZ HOGAN
ERINN WEEKS WALDNER
ELISE S. FELDMAN
JAE W. CHUN
ANUSHA RASALINGAM

Fax: (212) 719-9072
www.friedmanwolf.com

February 12, 2008

**VIA FAX, EMAIL, AND FIRST CLASS MAIL**
Ronald B. Goodman, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas
New York, New York 10105-0143

Re:     Demopoulos v. Mystic Tank Lines Corp.
          CV-07-6155 (NRB) (HP)
          CV-07-09451 (DC) (MHD)

Dear Mr. Goodman:

We are counsel to the Trustees and Fiduciaries (the "Trustees") of the Local 553 Pension, Benefits, and Deferred Compensation Trust Funds (the "Funds"), Plaintiffs in the above-referenced matter. On behalf of the Trustees, we demand payment from Mystic Tank Lines Corp. ("Mystic" or the "Company") for delinquent contributions, interest, additional interest, and attorneys' fees and costs. As explained below, the Trustees demand that Mystic pay the Funds $105,804.44 immediately.

The parties settled the first case, numbered CV-07-6155. Mystic is required to make one more payment -- a payment of $11,837.11 on February 15, 2008. Please make this payment by check, made payable to "Local 553 Trust Funds," and send the payments directly to the Funds' office at Local 553 Trust Funds, 111 Eighth Avenue, Suite 1514, New York, New York 10011. For the purposes of this letter, we assume that Mystic will make this payment in a timely manner.

With respect to the second case (numbered CV-07-09451), the Trustees demand immediate payment of the full amount of contributions owed, plus interest at the rate of eighteen percent (18%) per annum, plus the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions owed, plus attorneys' fees and costs.

Author: WKW   Doc Number:79525



FRIEDMAN & WOLF

Ronald B. Goodman, Esq.
February 12, 2008
Page 2

As of February 11, 2008, on the second case (numbered CV-07-09451), Mystic owes $84,615.10 in contributions based on remittance reports it submitted to the Funds for December 2007 ($5,486.41 in contributions) and an estimated amount for January 2008 ($79,128.69 in contributions) calculated in compliance with the formula in the Fund's Trust Agreement, plus interest of $6,094.67 based on late payments for June 2007, July 2007, August 2007, September 2007, October 2007, and November 2007 and the unpaid remittance reports for December 2007 and January 2008, plus an additional charge of interest of $6,094.67, plus attorneys' fees and costs of approximately $9,000.00, for an amount owing as of February 11, 2008 of $105,804.44.

Accordingly, please send a check for $105,804.44 made payable to "Local 553 Trust Funds," to me immediately.

We enclose with this letter a copy of the Trust Agreement for the Fund, and direct your attention to Article V, Section 3 for the formula the Trust uses to estimate contributions. Thank you for your consideration.

Very truly yours,

William K. Wolf

cc:    Ms. Vikki Lefkowitz, Fund Office Manager

Author: WKW    Doc Number:79525

# FRIEDMAN & WOLF
## ATTORNEYS AT LAW
1500 BROADWAY
NEW YORK, NEW YORK 10036
(212) 354-4500

Fax: (212) 719-9072
www.friedmanwolf.com

EUGENE S. FRIEDMAN
WILLIAM K. WOLF
MICHAEL BAUMAN
WILLIAM ANSPACH

ABIGAIL R. LEVY
NATHAN V. BISHOP
AMIE RAVITZ HOGAN
ERINN WEEKS WALDNER
ELISE S. FELDMAN
JAE W. CHUN
ANUSHA RASALINGAM

March 11, 2008

<u>VIA EMAIL, FAX, AND FIRST CLASS MAIL</u>

Philip T. Simpson, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas
New York, New York 10105-0143

Re:    Demopoulos v. Mystic Tank Lines Corp.
<u>CV-07-6155 (NRB) (HP)</u>
<u>CV-07-09451 (DC) (MHD)</u>

Dear Mr. Simpson:

As explained below, we demand that Mystic Tank Lines Corp. ("Mystic" or the "Company") make its February 15, 2008 payment of $11,837.11 immediately plus interest from the date due to the date of payment at the rate of eighteen percent (18%) per annum. Further, this letter serves as notice under the Settlement Stipulation and Order, so ordered on September 21, 2007 (the "Settlement Stipulation"), that Mystic is in default. Please cure the default immediately. On the second case (numbered CV-07-09451), the Trustees reject Mystic's settlement offer and demand that Mystic pay the Funds $189,241.04 immediately for delinquent contributions, interest, additional interest, and attorneys' fees and costs through today's date.

The parties settled the first case, numbered CV-07-6155. As you know, Mystic is required to make one more payment pursuant to the Settlement Stipulation. Pursuant to the express terms of the Settlement Stipulation, Mystic agreed that it owed the Funds $70,493.93, was required to pay that sum in six (6) installments, and that the sixth installment, as set forth on the Payment Schedule annexed to and made a part of the Settlement, is $11,837.11 due on February 15, 2008. <u>See</u> Settlement Stipulation, ¶¶ 1, 2.

Author: WKW   Doc Number:79830



FRIEDMAN & WOLF

Philip T. Simpson, Esq.
March 11, 2008
Page 2

In your email to Jeffrey Dubin, Esq., dated February 26, 2008, you assert that Mystic does not have to make the stipulated final payment of $11,837.11 based on Paragraph 10 of the Settlement Stipulation. However, the plain language of the Settlement Stipulation does not support your interpretation of Paragraph 10. Id. at ¶¶ 1,2, 9, and 10. Paragraph 10 of the Settlement Stipulation provides:

> This Stipulation covers contributions due for the time period of May, 2007. The parties agree that if at any time in the future, an audit of the payroll records of the defendant reveals that lesser amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation the defendant(s) may seek to collect said overpayments and may file suit to recover the same and plaintiff may assert any and all defenses to such suit.

Id. at ¶ 10.

Clearly, the Settlement Stipulation contemplates payment in compliance with the Payment Schedule first, with a right to contest the accuracy of the payments "in the future" if an audit of Defendant's records showed that it paid too much. There is no support in the Settlement Stipulation for Mystic's position that it is able to reduce unilaterally the amount of the final payment based upon its self-reported remittance report. Further, it is undisputed that there has not been an audit of the Company's payroll records for the time period covered by the Settlement Stipulation. Accordingly, please pay $11,837.11 plus interest from the date due to the date of payment at the rate of eighteen percent (18%) per annum to the Funds immediately.

With respect to the second case (numbered CV-07-09451), the Trustees demand immediate payment of the full amount of contributions owed, plus interest at the rate of eighteen percent (18%) per annum, plus the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions owed, plus attorneys' fees and costs.

As of March 11, 2008, on the second case (numbered CV-07-09451), Mystic owes $158,257.38 in contributions based on estimated amounts for January and February 2008 ($79,128.69 in contributions per month) calculated in compliance with the formula in the Fund's Trust Agreement, plus interest of $10,491.83 based on late payments for June 2007, July 2007, August 2007, September 2007, October 2007, November 2007, and December 2007, and the unpaid remittance reports for January and February 2008, plus an additional charge of interest of $10,491.83, plus attorneys' fees and costs of approximately $10,000.00, for an amount owing as of March 10, 2008 of $189,241.04, in accord with ERISA Section 502(g), 29 U.S.C. § 1132(g).

Accordingly, please send a check for $189,241.04 made payable to "Local 553 Trust Funds," to me immediately.

Author: WKW   Doc Number:79830

FRIEDMAN & WOLF

Philip T. Simpson, Esq.
March 11, 2008
Page 3

      Please do not hesitate to contact me if you require any further information.  Thank you for your consideration.

              Very truly yours,

              William K. Wolf

cc:   Ms. Vikki Lefkowitz, Fund Office Manager

Author: WKW    Doc Number:79830

FRIEDMAN & WOLF

Philip T. Simpson, Esq.
April 15, 2008
Page 2

Payment Schedule annexed to and made a part of the Settlement, is $11,837.11 due on February 15, 2008. <u>See</u> Settlement Stipulation, ¶¶ 1, 2.

In your email to Jeffrey Dubin, Esq., dated February 26, 2008, and in subsequent discussions, you assert that Mystic does not have to make the stipulated final payment of $11,837.11 based on Paragraph 10 of the Settlement Stipulation. However, the plain language of the Settlement Stipulation does not support your interpretation of Paragraph 10. <u>Id.</u> at ¶¶ 1,2, 9, and 10. Paragraph 10 of the Settlement Stipulation provides:

> This Stipulation covers contributions due for the time period of May, 2007. The parties agree that if at any time in the future, an audit of the payroll records of the defendant reveals that lesser amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation the defendant(s) may seek to collect said overpayments and may file suit to recover the same and plaintiff may assert any and all defenses to such suit.

<u>Id.</u> at ¶ 10. Clearly, the Settlement Stipulation requires payment in compliance with the Payment Schedule first, with a right to contest the accuracy of the payments "in the future" if an audit of Defendant's records showed that it paid too much. There is no support in the Settlement Stipulation for Mystic's position that it is able to reduce unilaterally the amount of the final payment based upon its self-reported remittance report. Further, it is undisputed that there has not been an audit of the Company's payroll records for the time period covered by the Settlement Stipulation.

Therefore, because Mystic has failed to cure its default and in compliance with Paragraph 4 of the Settlement Stipulation, please pay $13,583.89 plus attorneys' fees and costs to the Funds immediately. The monies owed are divided as follows: $11,837.11 for a settlement payment, plus $873.39 in interest at the rate of eighteen percent (18%) per annum from the date due to April 21, 2008, $873.39 in additional interest, plus attorneys' fees and costs in an amount to be provided at a later date.

With respect to the second case, numbered CV-07-09451, the Trustees demand immediate payment of the full amount of contributions owed, plus interest at the rate of eighteen percent (18%) per annum, plus the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions owed, plus attorneys' fees and costs.

As of April 21, 2008, in the second case, numbered CV-07-09451, Mystic owes $237,386.07 in contributions based on estimated amounts for January, February, and March 2008 ($79,128.69 in contributions per month) calculated in compliance with the formula in the Fund's Trust Agreement, plus interest of $11,947.17 based on late payments for June 2007, July 2007,

FRIEDMAN & WOLF

Philip T. Simpson, Esq.
April 15, 2008
Page 3


August 2007, September 2007, October 2007, November 2007, and December 2007, and the unpaid remittance reports for January, February, and March 2008, plus an additional charge of interest of $11,947.17, plus attorneys' fees and costs of approximately $17,000.00, for an amount owing as of April 21, 2008 of $278,280.41 in accord with ERISA Section 502(g), 29 U.S.C. § 1132(g).

Accordingly, based on the monies owed in both cases, please send a check for $291,864.30 (made payable to "Local 553 Trust Funds") to me immediately.

Please do not hesitate to contact me if you require any further information. Thank you for your consideration.

Very truly yours,

William K. Wolf

cc:    Demos P. Demopoulos, Trustee (via fax)
       Michael N. Romita, Trustee (via fax)
       Ms. Vikki Lefkowitz, Fund Office Manager (via fax)


Author: WKW    Doc Number:80260

FRIEDMAN & WOLF
ATTORNEYS AT LAW
1500 BROADWAY
NEW YORK, NEW YORK 10036
(212) 354-4500

Fax: (212) 719-9072
www.friedmanwolf.com

EUGENE S. FRIEDMAN
WILLIAM K. WOLF
MICHAEL BAUMAN
WILLIAM ANSPACH

ABIGAIL R. LEVY
NATHAN V. BISHOP
AMIE RAVITZ HOGAN
ERINN WEEKS WALDNER
ELISE S. FELDMAN
JAE W. CHUN
ANUSHA RASALINGAM

April 25, 2008

<u>VIA EMAIL, FAX, AND FIRST CLASS MAIL</u>

Philip T. Simpson, Esq.
Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
1345 Avenue of the Americas
New York, New York 10105-0143

Re:    <i>Demopoulos v. Mystic Tank Lines Corp.</i><br>CV-07-6155 (NRB) (HP)<br>CV-07-09451 (DC) (MHD)

Dear Mr. Simpson:

     We are counsel to the Trustees and Fiduciaries (the "Trustees") of the Local 553 Trust Funds (the "Funds"). Mystic Tank Lines Corp. ("Mystic" or the "Company") owes the Funds monies in two cases. In the first case, numbered CV-07-6155, the Trustees demand that Mystic pay the Funds $12,919.55 plus attorneys' fees and costs immediately for a delinquent settlement payment, interest through April 25, 2008, and additional interest. In the second case, numbered CV-07-09451, the Trustees demand that Mystic pay the Funds $241,570.26 immediately for contributions, interest through April 25, 2008, plus liquidated damages in the form of twenty percent (20%) of the contributions, and attorneys' fees and costs. Accordingly, Mystic owes the Funds a total of $254,489.81.

     Further, as we informed you previously, this letter is additional notice under the Settlement Stipulation and Order, so ordered on September 21, 2007 (the "Settlement Stipulation"), that Mystic has failed to cure its default under the Settlement Stipulation.

Author: WKW   Doc Number:80371



FRIEDMAN & WOLF

Philip T. Simpson, Esq.
April 25, 2008
Page 2

The parties settled the first case, numbered CV-07-6155. Pursuant to the express terms of the Settlement Stipulation, Mystic agreed that it owed the Funds $70,493.93, was required to pay that sum in six (6) installments, and that the sixth installment, as set forth on the Payment Schedule annexed to and made a part of the Settlement, is $11,837.11 due on February 15, 2008. See Settlement Stipulation, ¶¶ 1, 2.

In your email to Jeffrey Dubin, Esq., dated February 26, 2008, and in subsequent discussions, you assert that Mystic does not have to make the stipulated final payment of $11,837.11 based on Paragraph 10 of the Settlement Stipulation. However, the plain language of the Settlement Stipulation does not support your interpretation of Paragraph 10. Id. at ¶¶ 1, 2, 9, and 10. Paragraph 10 of the Settlement Stipulation provides:

> This Stipulation covers contributions due for the time period of May, 2007. The parties agree that if at any time in the future, an audit of the payroll records of the defendant reveals that lesser amounts of contributions than are provided for by this Settlement Stipulation, were due for the time period covered by this Settlement Stipulation the defendant(s) may seek to collect said overpayments and may file suit to recover the same and plaintiff may assert any and all defenses to such suit.

Id. at ¶ 10. Clearly, the Settlement Stipulation requires payment in compliance with the Payment Schedule first, with a right to contest the accuracy of the payments "in the future" if an audit of Defendant's records showed that it paid too much. There is no support in the Settlement Stipulation for Mystic's position that it is able to reduce unilaterally the amount of the final payment based upon its self-reported remittance report. Further, it is undisputed that there has not been an audit of the Company's payroll records for the time period covered by the Settlement Stipulation.

Therefore, because Mystic has failed to cure its default and in compliance with Paragraph 4 of the Settlement Stipulation, please pay $12,919.55 plus attorneys' fees and costs to the Funds immediately. The monies owed are divided as follows: $11,837.11 for a settlement payment, plus $541.22 in interest at the rate of eighteen percent (18%) per annum from the date due to April 25, 2008, $541.22 in additional interest, plus attorneys' fees and costs in an amount to be provided at a later date.

With respect to the second case, numbered CV-07-09451, the Trustees demand immediate payment of the full amount of contributions owed, plus interest at the rate of eighteen percent (18%) per annum, plus the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the contributions owed, plus attorneys' fees and costs.

Author: WKW   Doc Number:80371

FRIEDMAN & WOLF

Philip T. Simpson, Esq.
April 25, 2008
Page 3

As of April 25, 2008, in the second case, numbered CV-07-09451, Mystic owes $177,699.70 in contributions based on remittance reports Mystic submitted late for January, February, and March 2008, plus interest of $11,330.62 based on late payments for June 2007, July 2007, August 2007, September 2007, October 2007, November 2007, and December 2007, and the unpaid remittance reports for January, February, and March 2008, plus $35,539.24 (twenty percent (20%) of the contributions owed), plus attorneys' fees and costs of at least $17,000.00, for an amount owing as of April 25, 2008 of at least $241,570.26 in accord with ERISA Section 502(g), 29 U.S.C. § 1132(g).

Accordingly, based on the monies owed in both cases, please send a check for $254,489.91 (made payable to "Local 553 Trust Funds") to me immediately.

Please do not hesitate to contact me if you require any further information. Thank you for your consideration.

Very truly yours,

William K. Wolf

cc:    Demos P. Demopoulos, Trustee (via fax)
       Michael N. Romita, Trustee (via fax)
       Ms. Vikki Lefkowitz, Fund Office Manager (via fax)

Author: WKW    Doc Number:80371