UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Demos P. Demopoulos, Steven Goldman,
Michael N. Romita, John Jack Dresch and
Robert B. Greenes: as TRUSTEES of the
LOCAL 553 BENEFITS FUND; and as
TRUSTEES of the LOCAL 553 PENSION
FUND; and as TRUSTEES of the LOCAL
553 DEFERRED COMPENSATION FUND,

                               Plaintiffs,

      - against -

MYSTIC TANK LINES CORP.,

                               Defendant.
-------------------------------------------------------------X

CV-07-09451 (DC)(MHD)

PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL
FACTS PURSUANT TO LOCAL CIVIL RULE 56.1
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

In accordance with Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiffs, the Trustees and Fiduciaries ("Trustees" or "Plaintiffs") of the Local 553 Pension, Benefits, and Deferred Compensation Trust Funds ("Funds") hereby submit that, as to the following material facts, there is no genuine issue to be tried:

A.    PROCEDURAL HISTORY

    1.    The Trustees filed an Amended Complaint against Defendant Mystic Tank Lines Corp. a/k/a Mystic Tank Lines, Inc. ("Defendant" or "Mystic") on or about October 25, 2007. (Declaration of William K. Wolf, dated May 30, 2008 ("Wolf Decl."), Exh. A.[1])

---

[1] Annexed as Exhibit A to the Wolf Decl. is a copy of the Amended Complaint, dated October 25, 2007.

2. Defendant answered the Amended Complaint on or about January 21, 2008. (Wolf Decl., Exh. B.[2])

B. BACKGROUND

3. Plaintiffs are or were the Trustees of the Funds. The Trustees are fiduciaries of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). (Declaration of Vikki Lefkowitz, dated May 30, 2008 ("Lefkowitz Decl."), ¶ 2; Wolf Decl., Exh. A, ¶ 2.)

4. The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established pursuant to the terms of various collective bargaining agreements between Local 553, I. B. T. ("Local 553" or the "Union"), which is a labor organization representing employees in an industry affecting commerce, and various employers that are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements. (Wolf Decl., Exh. A, ¶ 3; see Lefkowitz Decl., Exh. A.[3])

5. The Funds are maintained for the purpose of collecting and receiving contributions and providing various retirement and health and welfare benefits to covered employees, retirees, and their dependents pursuant to and in accordance with the Local 553 Pension Fund Amended and Restated Trust Agreement (the "Trust Agreement"). (Lefkowitz Decl., Exh. B, Art. 2, §§ 3-4.[4])

6. Mystic is a corporation that maintains its principal place of business at 19-

---

[2] Annexed as Exhibit B to the Wolf Decl. is a copy of Defendant's Answer, dated January 21, 2008.
[3] Annexed as Exhibit A to the Lefkowitz Decl. is a copy of the Collective Bargaining Agreement between the Union and Mystic, effective August 1, 2006 through July 31, 2009, as amended November 28, 2006.
[4] Annexed as Exhibit B to the Lefkowitz Decl. is a copy of the Local 553 Pension Fund Amended and Restated Trust Agreement.

01 Steinway Street, Astoria, New York 11105, and has employed employees covered by a collective bargaining agreement with Local 553. (Lefkowitz Decl., ¶ 5, Exh. A.)

    7.    As set forth in the Amended Complaint:

> Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

(Wolf Decl., Exh. A, ¶ 13.)

    8.    Specifically, Plaintiffs seek payment of unpaid contributions due and owing to the Local 553 Pension Fund on unpaid remittance reports for the months of January, February, March, and April 2008, in the amounts of $70,905.49, $53,417.84, $53,376.37, and $48,153.71 respectively, that amount totaling $225,853.41.[5] In addition, Plaintiffs seek interest in the amount of eighteen percent (18%) per annum on the unpaid contributions in accord with the Trust Agreement and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B), plus the greater of an amount equal to the interest on the unpaid contributions or liquidated damages equal to twenty percent (20%) of the unpaid contributions, pursuant to the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C), plus reasonable attorneys' fees and costs, pursuant to the Trust Agreement and Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D), and such other and further relief as the Court deems appropriate. (Wolf Decl., Exh. A; Lefkowitz Decl., Exh. B, Art. 5, § 4, p. 10, Exh. C, Exh. D, Exh. E, Exh. F.[6])

    9.    Plaintiffs have given notice to Defendant of its obligation to pay

---

[5] The Trustees seek relief only as to the Local 553 Pension Fund, as found in the Second Claim for Relief in the Amended Complaint. (Wolf Decl., Exh. A, ¶¶ 1-4 and 12-13 of the allegations, and ¶¶ 3-4 of the demands for relief.)

[6] Annexed as Exhibits C, D, E, and F to the Lefkowitz Decl. are remittance reports for the months of January, February, March, and April 2008, respectively.

contributions to the Local 553 Pension Fund. (Wolf Decl., Exh. C.[7])

C. THE COLLECTIVE BARGAINING AGREEMENT, THE TRUST AGREEMENT, AND THE REMITTANCE REPORTS

10. Mystic is a signatory to a collective bargaining agreement (the "CBA") with the Union covering the period from August 1, 2006 to July 31, 2009. (Lefkowitz Decl., Exh. A.)

11. The CBA requires Defendant to make contributions to the Pension Fund in specified amounts for each hour worked in employment covered by the CBA. (Lefkowitz Decl., Exh. A, Art. 16, § G, p. 6, and November 28, 2006 Memorandum of Agreement, ¶ a.)

12. Mystic admits that the CBA required it to make contributions to the Funds on behalf of all employees performing work covered by the CBA. (Compare Wolf Decl., Exh. A, ¶¶ 7-9 with Wolf Decl., Exh. B, ¶¶ 7-9.)

13. Pursuant to the CBA, Defendant is bound to the terms of the Trust Agreement. (Lefkowitz Decl., Exh A, November 28, 2006 Memorandum of Agreement, ¶ b.)

14. The Trust Agreement confers upon the Trustees the power to construe the provisions of the Trust Agreement, and makes such constructions binding upon participating employers. (Lefkowitz Decl., Exh. B, Art. 4, § 2, p. 5.)

15. The Trustees are also empowered to do all acts that they deem necessary or proper for the protection of the property of the Funds. (Lefkowitz Decl., Exh. B, Art. 4, § 3, p. 6.)

16. Further, the Trustees are empowered to do all acts that they deem necessary to ensure that the Funds are maintained solely in the interests of the participants and

---

[7] Annexed as Exhibit C to the Wolf Decl. are copies of correspondence to Defendant dated February 12, 2008, March 11, 2008, April 15, 2008, and April 25, 2008.

beneficiaries. (Lefkowitz Decl., Exh. B, Art. 4, § 7, p. 6.)

17. The Trust Agreement provides for interest on unpaid contributions at the rate of 18% from the date due to the actual date of payment. (Lefkowitz Decl., Exh. B, Art. 5, § 4, p. 10.)

18. The Collective Bargaining Agreement provides that:

> The Employer agrees that on or before the 10th of each month, he will make contributions to Local 553 PENSION FUND for all hours for which pay is drawn, by an Employer for each of his employees covered by the collective bargaining agreement in the preceding month . . . .

(Lefkowitz Decl., Exh. A, November 28, 2006 Memorandum of Agreement, ¶ a.)

19. The Funds rely on the remittance reports submitted by employers to determine the amount of covered work performed by individuals. This information provides the basis for the Trustees' determination of whether these individuals qualify for retirement benefits from the Pension Fund. (Lefkowitz Decl., ¶ 10.)

20. The Trustees also rely upon these remittance reports to determine whether contributions are owed to the Funds. (Lefkowitz Decl., ¶ 11.)

21. Defendant submitted monthly remittance reports to the Funds through at least April 2008. (Lefkowitz Decl., Exhs. C-F.)

D. UNDERPAYMENT OF CONTRIBUTIONS TO THE FUNDS

22. Defendant submitted a remittance report for the month of January 2008, showing contributions owed in the amount of $70,905.49. To date, Defendant has not paid the contributions owing under the January 2008 remittance report. (Lefkowitz Decl., ¶ 12; Exh. C.)

23. Defendant submitted a remittance report for the month of February 2008, showing contributions owed in the amount of $53,417.84. To date, Defendant has not paid the

contributions owing under the February 2008 remittance report. (Lefkowitz Decl., ¶ 13; Exh. D.)

24. Defendant submitted a remittance report for the month of March 2008, showing contributions owed in the amount of $53,376.37. To date, Defendant has not paid the contributions owing under the March 2008 remittance report. (Lefkowitz Decl., ¶ 14; Exh. E.)

25. Defendant submitted a remittance report for the month of April 2008, showing contributions owed in the amount of $48,153.71. To date, Defendant has not paid the contributions owing under the April 2008 remittance report. (Lefkowitz Decl., ¶ 15; Exh. F.)

26. For the months of January, February, March, and April 2008, Defendant has not paid contributions of $225,853.41. (Lefkowitz Decl., ¶ 16, Exhs. C-F.)

27. In addition to unpaid contributions, the Trustees are entitled to interest on the unpaid contributions in the amount of $14,177.06 pursuant to the Trust Agreement and Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B). (Lefkowitz Decl., Exh. B, Art. 5, § 4, p. 10, Exh. G.[8])

28. Plaintiffs are also entitled to the greater of an amount equal to the interest on the unpaid contributions or liquidated damages equal to twenty percent (20%) of the unpaid contributions, pursuant to the Trust Agreement and Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C). Because the amount of liquidated damages, $45,170.68, is greater than the amount of interest on the unpaid contributions, $14,177.06, Plaintiffs are entitled to $45,170.68 in liquidated damages. (Lefkowitz Decl., Exh. B, Art. 5, § 4, p. 10.)

29. Plaintiffs are entitled to contributions in the amount of $225,853.41, plus interest on the unpaid contributions in the amount of $14,177.06, and liquidated damages equal

---

[8] Annexed as Exhibit G to the Lefkowitz Decl. is a copy of a summary sheet of Defendant's contribution and interest payments due.

to twenty percent (20%) of the unpaid contributions in the amount of $45,170.68, for a total of $285,201.15 (without attorneys' fees and costs). (Lefkowitz Decl., ¶ 16, Exhs. A-G.)

30. In addition, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to the Trust Agreement and ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D). In accord with Federal Rule of Civil Procedure 54(d)(2), Plaintiffs will file an application for an award of attorneys' fees and costs within 14 days of judgment. See Fed. R. Civ. P. 54(d)(2).

Dated: New York, New York
       May 30, 2008

/s/ William K. Wolf
William K. Wolf (WW-7906)
Douglas L. Sanders (DS-4378)

FRIEDMAN & WOLF
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500

Attorneys for Plaintiffs