```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Demos P. Demopoulos, Steven Goldman,            *
Michael N. Romita, John Jack Dresch and         *
Robert B. Greenes: as TRUSTEES of the           *
LOCAL 553 BENEFITS FUND; and as                 *
TRUSTEES of the LOCAL 553 PENSION               *
FUND; and as TRUSTEES of the LOCAL              *
553 DEFERRED COMPENSATION FUND,                 *
                                                *      CV-07-09451 (DC)(MHD)
                           Plaintiffs,          *
      - against -                               *
                                                *
MYSTIC TANK LINES CORP.,                        *
                                                *
                           Defendant.           *
------------------------------------------------------------X
```

PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
FOR SUMMARY JUDGMENT AGAINST DEFENDANT MYSTIC TANK LINES CORP.

TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................. 1

STATEMENT OF FACTS ..................................................................................... 2

ARGUMENT .......................................................................................................... 3

I.      PURSUANT TO ERISA §§ 502 AND 515, MYSTIC OWES
PENSION FUND CONTRIBUTIONS TO THE FUNDS ............................ 3

II.     PLAINTIFFS' CLAIM FOR PENSION FUND CONTRIBUTIONS
IS ENCOMPASSED BY THE COMPLAINT ............................................. 7

CONCLUSION ....................................................................................... 8

i

## TABLE OF AUTHORITIES

### STATUTES AND RULES

| | Page |
|---|---|
| ERISA Section 3, 29 U.S.C. § 1002 | 2 |
| ERISA Section 502, 29 U.S.C. § 1132 | 1, 3-6 |
| ERISA Section 515, 29 U.S.C. § 1145 | 1, 3-8 |
| Fed. R. Civ. P. 8(a)(2) | 7-8 |
| Fed. R. Civ. P. 54(d)(2) | 3,6 |

### CASES

| | |
|---|---|
| Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) | 7 |
| Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310 (2d Cir. 1990), cert. denied, 498 U.S. 982 (1990) | 4,5 |
| Central States v. Central Transport, Inc., 472 U.S. 559 (1985) | 4 |
| Flynn v. R.C. Tile, 353 F.3d 953 (D.C. Cir. 2004) | 5 |
| Iron Workers District Council of Western New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502 (2d Cir. 1995) | 4, 6 |
| Kelly v. Schmidberger, 806 F.2d 44 (2d Cir. 1986) | 7 |
| Massachusetts Carpenters Central Collection Agency v. Belmont Concrete Corp., 139 F.3d 304 (1st Cir. 1998) | 5 |
| New York State Teamsters Conference Pension and Retirement Fund v. Boening Bros., Inc., 92 F.3d 127 (2d Cir. 1996) | 6 |
| New York State Teamsters Conference Pension & Retirement Fund v. United Parcel Service, Inc., 382 F.3d 272 (2d Cir. 2004) | 4 |
| Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) | 7 |

### TREATISES

| | |
|---|---|
| 2 Moore's Federal Practice, § 8.04 (Mathew Bender 3d ed.) | 7 |

## INTRODUCTION

Plaintiffs, the Trustees and Fiduciaries ("Trustees" or "Plaintiffs") of the Local 553 Pension, Benefits, and Deferred Compensation Trust Funds ("Funds"), submit this memorandum of law in support of their motion for summary judgment against Defendant Mystic Tank Lines Corp. a/k/a Mystic Tank Lines, Inc. ("Mystic" or "Defendant").

This is a routine case by the trustees of multi-employer benefit plans to collect delinquent contributions from a participating employer in accordance with their fiduciary duties under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Simply put, the Court should grant summary judgment to the Trustees because there are no issues of material fact in dispute. As demonstrated below, Mystic owes benefit fund contributions and the attendant damages under ERISA to the Funds based upon its obligations under the subject collective bargaining agreement and the Funds' Trust Agreement.

The facts could not be more straightforward. Defendant is bound to a collective bargaining agreement with Local 553, I. B. T. ("Local 553" or the "Union") that requires it to pay benefit fund contributions to the Trustees. Defendant submitted remittance reports for the months of January, February, March, and April 2008, detailing the amount of contributions owed to the Funds. After repeated and failed attempts to collect these unpaid contributions, the Trustees filed the instant motion pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145. The Trustees now seek judgment awarding them the unpaid contributions, interest, the greater of additional interest or liquidated damages in the form of twenty percent (20%) of the unpaid contributions, and attorneys' fees and costs owed pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

As discussed in detail, *infra*, Congress enacted ERISA to protect multiemployer benefit funds against situations like the instant one, in which an employer assumes an obligation to contribute to benefit funds by signing a collective bargaining agreement, and then fails to make the required contributions, leaving the funds with the obligation to pay benefits to their participants without the expected contributions. Mystic has no cognizable defense to this action. Accordingly, Plaintiffs request that the Court grant summary judgment to them.

## STATEMENT OF FACTS

Plaintiffs note that the complete statement of facts is in Plaintiffs' Statement of Undisputed Material Facts in Support of their Motion for Summary Judgment Pursuant to Local Civil Rule 56.1 ("Plaintiffs' 56.1 Stmt."). For the convenience of the Court, Plaintiffs summarize the facts of this matter below.

The Funds are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3). They were established pursuant to the terms of various collective bargaining agreements between Local 553, which is a labor organization representing employees in an industry affecting commerce, and various employers that are required to make contributions to the Funds on behalf of their employees covered by the collective bargaining agreements. (Plaintiffs' 56.1 Stmt., ¶ 4.) The Funds are maintained for the purpose of collecting and receiving contributions and providing various retirement and health and welfare benefits to covered employees, retirees, and their dependents pursuant to and in accordance with the Local 553 Pension Fund Amended and Restated Trust Agreement (the "Trust Agreement"). (Plaintiffs' 56.1 Stmt., ¶ 5.) Plaintiffs are or were the Trustees of these employee benefit funds. (Plaintiffs' 56.1 Stmt., ¶ 3.)

Defendant is a corporation that maintains its principal place of business at 19-01 Steinway Street, Astoria, New York 11105, and has employed employees covered by a collective bargaining agreement with Local 553. (Plaintiffs' 56.1 Stmt., ¶ 6.)

Mystic is a signatory to a collective bargaining agreement (the "CBA") with the Union covering the period from August 1, 2006 to July 31, 2009, which requires it to make contributions to the Local 553 Pension Fund in specified amounts for each hour worked in employment covered by the CBA.[1] (Plaintiffs' 56.1 Stmt., ¶¶ 10-11.) Mystic admits that the CBA requires it to make such contributions. (Plaintiffs' 56.1 Stmt., ¶ 12.)

Defendant submitted remittance reports to the Funds for the months of January, February, March, and April 2008. However, Defendant failed to pay contributions for the employees it reported on these remittance reports. (Plaintiffs' 56.1 Stmt., ¶¶ 22-25.)

Accordingly, pursuant to ERISA Sections 502 and 515, 29 U.S.C. §§ 1132 and 1145, the Funds' Trust Agreement, and Mystic's own remittance reports, it owes the Trustees $225,853.41 in contributions, plus $14,177.06 in interest, and $45,170.68 in liquidated damages, for a total of $285,201.15 (without attorneys' fees and costs). (Plaintiffs' 56.1 Stmt., ¶¶ 26-29.)

In addition, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to the Trust Agreement and ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D). In accord with Federal Rule of Civil Procedure 54(d)(2), Plaintiffs will file an application for an award of attorneys' fees and costs within 14 days of judgment. See Fed. R. Civ. P. 54(d)(2).

---

[1] The CBA provides that all employer contributions are to be made no later than the 10th day of the following month. (Plaintiffs' 56.1 Stmt., ¶18.)

ARGUMENT

I.  PURSUANT TO ERISA §§ 502 AND 515, MYSTIC OWES PENSION FUND CONTRIBUTIONS TO THE FUNDS

Section 502(a)(3) of ERISA provides the authority and the obligation for the trustees of a benefit fund to seek delinquent contributions from employers in federal court. See Central States v. Central Transport, Inc., 472 U.S. 559, 571-73 (1985). The Trustees' claim for enforcement of Mystic's contribution obligations is premised upon Section 515 of ERISA, 29 U.S.C. § 1145,[2] which requires employers to make benefit fund contributions in compliance with the terms of collective bargaining agreements and trust agreements. The Trustees seek relief from the Court pursuant to Section 502(g)(2), 29 U.S.C. § 1132(g)(2), to enforce Section 515.

The purpose of these provisions of ERISA is to effectuate the strong public policy of allowing plan fiduciaries, such as the Trustees, to collect benefit contributions quickly and efficiently. See New York State Teamsters Conference Pension & Retirement Fund v. United Parcel Service, Inc., 382 F.3d 272, 280 (2d. Cir. 2004) (Important rationale of ERISA is to ease the collection of contributions in order to protect pension funds); Iron Workers District Council of Western New York and Vicinity Welfare and Pension Funds v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502, 1506-08 (2d. Cir. 1995) (efficient collection of benefit contributions avoids costly litigation, discourages delinquency, and maintains the solvency of employee benefit funds); Benson v. Brower's Moving & Storage, Inc., 907 F.2d 310, 313-15 (2d Cir.

---

[2] Section 515 of ERISA states:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargaining agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plans or such agreement.

29 U.S.C. § 1145.

1990), cert. denied, 498 U.S. 982 (1990) (Congress insulated benefit plans from nearly all defenses that an employer may raise to a claim for contributions in order to protect the financial integrity of such plans). Sections 502 and 515 are appropriately stringent because a multiemployer defined-benefit pension plan must pay benefits to its participants regardless of whether employers contribute to the plan in the required amounts. See Massachusetts Carpenters Central Collection Agency v. Belmont Concrete Corp., 139 F.3d 304, 305 n. 3 (1st Cir. 1998); Brower's, 907 F.2d at 314 ("Simply put, benefit plans must be able to rely on the contribution promises of employers because plans must pay out to beneficiaries whether or not employers live up to their obligations"). Accordingly, if one employer fails to contribute to the plan in accordance with its contractual obligation, then the other participating employers must make larger contributions to cover the shortfall. See Flynn v. R.C. Tile, 353 F.3d 953, 958 (D.C. Cir. 2004).

Here, it is undisputed that Mystic was contractually obligated to submit monthly remittance reports stating all employees working in employment covered by the collective bargaining agreement, and to pay contributions for those employees to the Funds. (Plaintiffs' 56.1 Stmt., ¶¶ 10-13.) Accordingly, because Mystic is bound to the 2006-2009 CBA, it is required to pay contributions for any covered work performed during that period. (Id.) Thus, pursuant to remittance reports submitted by Mystic for the months of January, February, March, and April 2008, Defendant owes contributions to Plaintiffs in the amount of $225,853.41. (Plaintiffs' 56.1 Stmt., ¶¶ 21-26.)

Further, ERISA Section 502(g)(2) and Plaintiffs' Trust Agreement mandate that a delinquent employer pay the Funds the amount of unpaid contributions, interest at the rate of eighteen percent (18%) on the unpaid contributions, the greater of additional interest or

liquidated damages in the form of twenty percent (20%) of the contributions, and attorneys' fees and costs.. See 29 U.S.C. § 1132(g)(2);[3] New York State Teamsters Conference Pension and Retirement Fund v. Boening Bros., Inc., 92 F.3d 127, 135 (2d Cir. 1996) (award of attorneys' fees and costs is mandatory under Section 1132(g)(2)); Hudson Steel, 68 F.3d at 1507 (a favorable judgment on the issue of unpaid contributions entitles a benefit fund to the measures of relief outlined in Section 1132(g)(2)). (Plaintiffs' 56.1 Stmt., ¶¶ 17, 27-30.)

Accordingly, pursuant to ERISA Sections 502 and 515, 29 U.S.C. §§ 1132 and 1145, and Plaintiffs' Trust Agreement, Mystic is required to pay the Trustees $225,853.41 in contributions, $14,177.06 in interest, and $45,170.68 in liquidated damages, for a total of $285,201.15 (without attorneys' fees and costs). (Plaintiffs' 56.1 Stmt., ¶¶ 26-30.)

In addition, Plaintiffs are entitled to an award of attorneys' fees and costs pursuant to the Trust Agreement and ERISA Section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D). (Plaintiffs' 56.1 Stmt., ¶ 30.) In accord with Federal Rule of Civil Procedure 54(d)(2), Plaintiffs will file an application for an award of attorneys' fees and costs within 14 days of judgment. See Fed. R. Civ. P. 54(d)(2).

---

[3] Section 502(g)(2) of ERISA states:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of a plan is awarded, the court shall award the plan—
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of –
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>>
>> (D) reasonable attorneys' fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.
>
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

II.  PLAINTIFFS' CLAIM FOR PENSION FUND CONTRIBUTIONS IS ENCOMPASSED BY THE COMPLAINT

In the Amended Complaint, Plaintiffs provided sufficient notice to Defendant of their claims such as to allow it to respond and defend the case. Specifically, the Amended Complaint provides:

> Defendant has failed and refused and continues to refuse to pay to plaintiff the amounts owed to plaintiff in breach of the terms of the plan and in breach of the terms of the Agreement and Declaration of Trust and in violation of the provisions of Section 515 of E.R.I.S.A., 29 U.S.C. § 1145; upon information and belief, said amounts are as set forth hereinafter, no part of which has been paid, although duly demanded.

(Plaintiffs' 56.1 Stmt., ¶ 7.) Thus, Plaintiffs put Defendant on notice that they were seeking all of the unpaid contributions that Mystic owes to the Funds.

Federal Rule of Civil Procedure 8 requires that a pleading contain " . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). This rule is routinely interpreted as requiring that "[a] claimant does not have to set out in detail the facts on which the claim for relief is based, but must provide a statement sufficient to put the opposing party on notice of the claim." 2 Moore's Federal Practice, § 8.04 (Matthew Bender 3d ed.); see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (The pleading must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." [citation omitted]); Kelly v. Schmidberger, 806 F.2d 44, 46 (2d. Cir. 1986) (liberal pleading standard requires that the complaint provide enough information to defendant to enable it to respond and defend).[4]

---

[4] In the recent decision of Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), the Supreme Court analyzed, inter alia, several issues arising under Federal Rules of Civil Procedure 8 and 12. Plaintiffs note that although certain sections of the Bell Atlantic decision may result in courts and commentators viewing the Rule 12 discussion in Swierkiewicz differently, the Court specifically did not overrule Swierkiewicz in Bell Atlantic, and the above-cited discussion of "notice" is not affected by Bell Atlantic. Id. at 1960.


Here, Plaintiffs, in the Amended Complaint, put Mystic on notice that it was to defend claims against it alleging failure to submit contributions to the Pension Fund in accord with ERISA Section 515, the Trust Agreement, and the Collective Bargaining Agreement. (Plaintiffs' 56.1 Stmt., ¶ 7.) The allegation in Paragraph 9 of the Amended Complaint regarding the months of June, July, August, and September 2007 was merely a statement of fact that Mystic, at the time of the Amended Complaint, owed contributions for those particular months. (Plaintiffs' 56.1 Stmt., ¶ 1.) In accord with Federal Rule of Civil Procedure 8, such allegations do not change the fact that the Amended Complaint provided Mystic with actual notice that the Trustees sought to collect all unpaid benefit fund contributions due to the Funds. (Plaintiffs' 56.1 Stmt., ¶ 7.) Therefore, the Court must grant summary judgment to Plaintiffs.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion for summary judgment.

Dated: New York, New York
May 30, 2008

William K. Wolf (WW-7906)
Douglas L. Sanders (DS-4378)

FRIEDMAN & WOLF
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500

Attorneys for Plaintiffs