Ronald B. Goodman (RG6601)
Philip T. Simpson (PS9707)
ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
Attorneys for Defendant
1345 Avenue of the Americas
New York, New York 10105-0143
(212) 603-6300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
Demos Demopoulos, Steven Goldman,
Michael N. Romita, John Jack Dresch and
Joseph LaForgia: as TRUSTEES of the
LOCAL 553 PENSION FUND; and as
TRUSTEES of the LOCAL 553 DEFERRED
COMPENSATION FUND,

                  Plaintiffs,
-against-

MYSTIC TANK LINES CORP.,

                  Defendant.
------------------------------------------------------------x

Civil Action No.
07 CIV 9451 (DC)(MHD)
ECF Case

DEFENDANT'S RESPONSE TO PLAINTIFFS'
STATEMENT OF MATERIAL UNDISPUTED FACTS
<u>PURSUANT TO LOCAL CIVIL RULE 56.1</u>

Defendant Mystic Tank Lines Corp. by its attorneys Robinson Brog Leinwand Greene Genovese & Gluck P.C., for its Response to Plaintiffs' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1, states as follows:

A.      <u>Procedural History</u>

      1.      Defendant does not dispute plaintiffs' statement numbered 1.

      2.      Defendant does not dispute plaintiffs' statement numbered 2.

{00392819.DOC;1}            1

3.  Defendant does not dispute that plaintiffs "are or were" Trustees of the Funds, or that a Trustee of the Fund is a fiduciary thereto. However, Defendant states that any plaintiff who was, but is not presently, a Trustee of the Funds would no longer have standing to maintain this action. Plaintiffs has not identified which of plaintiffs are presently Trustees of the Fund and would have standing to maintain this action, and which of plaintiffs are no longer Trustees of the Funds and have no standing to maintain this action.

4.  Defendant does not dispute plaintiffs' statement numbered 4.

5.  Defendant does not dispute plaintiffs' statement numbered 5.

6.  Defendant does not dispute plaintiffs' statement numbered 6.

7.  Responding to paragraph 7 of plaintiffs' Rule 56.1 Statement, defendant states that it has paid the contributions owed for the months upon which plaintiffs brought this complaint – *ie* the months of June through September, 2007, and has paid as well the contributions owed for the months of October 2007, November 2007 and December 2007. (Sammartano Decl. ¶ 5)

8.  Responding to paragraph 8 of plaintiffs' Rule 56.1 Statement, defendant states that, to the extent that said paragraph is a statement of the relief sought by plaintiffs, no response is necessary, and further states that the remittance reports for January through April, 2008 are not the subject of plaintiffs' complaint. (*See* Wolf. Decl. Exh. A, ¶ 9) To the extent that said paragraph is a statement of amounts plaintiffs claim are due, defendant:

(a)  admits that it owes the unpaid contributions for the months of January through April 2008 in the amounts set forth in said paragraph 8;

      (b)    admits that the Trust Agreement provides for 18% per annum simple interest on unpaid contributions from the due date to the date of payment (Lefkowitz Decl. Exh. B, p. 10);

      (c)    asserts that as a matter of law, neither the Trust Agreement nor ERISA provides for a specific amount of liquidated damages and therefore, defendant is not liable for liquidated damages.  (*See* Lefkowitz Decl. Exh. B., p. 10; 29 U.S.C. § 1132(g)(2))

      9.    Defendant does not dispute that its attorneys received the letters set forth and referred to in plaintiffs' statement numbered 9.  However, defendant states that such correspondence to its attorneys does not constitute "Notice" as defined by Article IX, Section 7 of the Plan, which requires that Notice be given to the defendant itself at its business address. (*See* Lefkowitz Decl. Exh. B., p. 21)

      10.    Responding to paragraph 10 of plaintiffs' Rule 56.1 Statement, defendant states that the CBA attached to plaintiffs' papers does not bear the signature of any party thereto, but admits that the Memorandum of Agreement is signed by defendant.

      11.    Defendant does not dispute plaintiffs' statement numbered 11.

      12.    Defendant does not dispute plaintiffs' statement numbered 12.

      13.    Defendant does not dispute plaintiffs' statement numbered 13.

14. Responding to paragraph 14 of plaintiffs' Rule 56.1 Statement, defendant states that the language in said paragraph is an inaccurate paraphrase of Article IV, Section 2 of the Trust Agreement, which states in its entirety:

> SECTION 2. The Trustees shall have the power to construe the provisions of this Trust Agreement and the terms used herein and any construction adopted by or any decision made by the Trustees *in good faith* shall be binding upon the Union, the Employers, the employees and the Plan's beneficiaries. (emphasis added) (Lefkowitz Decl. Exh. B, p. 5)

Defendant further states that any construction adopted by the Trustees must be made in good faith, as provided by the Trust Agreement, and that any construction that is contrary to law is *per se* not in good faith.

15. Defendant does not dispute plaintiffs' statement numbered 15.

16. Defendant does not dispute plaintiffs' statement numbered 16.

17. Defendant does not dispute plaintiffs' statement numbered 17.

18. Responding to paragraph 18 of plaintiffs' Rule 56.1 Statement, defendant admits that such language appears in the Memorandum of Agreement annexed to plaintiffs' papers, and asserts that there is a conflict between such Memorandum of Agreement, and the language of the Trust Agreement itself, which provides that contribution payments in respect of a particular month are due "no later than the 30th day of the following calendar month." (Lefkowitz Decl. Exh. B p. 9) There is an ambiguity as to when payments are due – by the 30th of the following month or by the 10th.

19. Defendant does not dispute plaintiffs' statement numbered 19.

20. Defendant does not dispute plaintiffs' statement numbered 20.

21. Defendant does not dispute plaintiffs' statement numbered 21.

22. Defendant does not dispute plaintiffs' statement numbered 22.

23. Defendant does not dispute plaintiffs' statement numbered 23.

24. Defendant does not dispute plaintiffs' statement numbered 24.

25. Defendant does not dispute plaintiffs' statement numbered 25.

26. Defendant does not dispute plaintiffs' statement numbered 26.

27. Responding to paragraph 27 of plaintiffs' Rule 56.1 Statement, defendant states:

    (a) Plaintiffs have not provided a calculation of the interest which they claim, other than the chart that is annexed to the Lefkowitz Declaration as Exhibit G (the "Interest Chart").

    (b) Plaintiffs have brought the instant motion based on unpaid contributions for the months of January through April, 2008.

    (c) From the Interest Chart, it appears that plaintiffs claim that they are entitled to interest in respect of the months June 2007 through December 2007, which are not the subject of plaintiffs' motion.

    (d) Moreover, defendant has paid the contributions due for the months of June 2007 through December 2007. (Sammartano Decl. ¶ 5)

(e) For these reasons, defendant disputes the facts set forth in paragraph 27 of plaintiffs' Rule 56.1 Statement.

28. Responding to paragraph 28 of plaintiffs' Rule 56.1 Statement, defendant states that the Plan does not provide for a specific amount of liquidated damages. Rather, the Plan states:

> SECTION 4.  Collection of Delinquent Contributions.
>
> \* \* \*
>
> (c) In any action under subsection (b) in which judgment is awarded in favor of the Funds, the Employer shall pay to the Fund:
>
> (1) the unpaid contributions;
>
> (2) interest on the unpaid contributions, determined at the rate of 18% from the date due to the actual date of payment;
>
> (3) liquidated damages *as provided in Section 502(g)(2)(c) of ERISA;*
>
> \* \* \*

(Lefkowitz Decl. Exh. B p. 10) (emphasis added)  Thus, the Plan merely refers to ERISA § 502(g)(2)(C) for the amount of liquidated damages. However, ERISA § 502(g)(2)(C) does not provide a specific amount of liquidated damages either. Rather, that section states in relevant part:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> **(A)** the unpaid contributions,
>
> **(B)** interest on the unpaid contributions,
>
> **(C)** an amount equal to the greater of--

>   **(i)** interest on the unpaid contributions, or
>
>   **(ii)** *liquidated damages provided for under the plan in an amount not in excess of 20 percent* (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

29 U.S.C.A. § 1132(g)(2)(C) (emphasis added). Thus, ERISA only provides a cap on the amount of liquidated damages, not a specific amount. Because the Plan relies on ERISA to provide the specific amount of liquidated damages, and ERISA does not provide a specific amount of liquidated damages, the Plan does not provide for liquidated damages. For this reason, defendant disputes the facts set forth in paragraph 28 of plaintiffs' Rule 56.1 Statement as to liquidated damages. For the reasons set forth in paragraph 27, *supra*, defendant additionally disputes the facts set forth in plaintiffs' paragraph 28 as to the amount of interest.

29. For the reasons set forth in paragraphs 27 and 28 above, defendant admits that it owes contributions in the amount of $225,853.41; disputes that it owes interest in the amount of $14,177.06; disputes that it owes any liquidated damages; disputes that it owes liquidated damages in the amount of $45,170.68; and disputes that it owes a total of $285,201.15.

30. Responding to paragraph 30 of plaintiffs' Rule 56.1 Statement, defendant states that the same sets forth a conclusion of law as to which no response is required.

Dated: New York, New York
      June 24, 2008

                                      Respectfully submitted,

                                      ROBINSON BROG LEINWAND GREENE
                                        GENOVESE & GLUCK, P.C.

                                        Philip T. Simpson (PS9707)
                                        Ronald B. Goodman (RG6601)
                                        Attorneys for Defendant
                                        1345 Avenue of the Americas
                                        New York, New York 10105
                                        (212) 603-6300

To:

William K. Wolf, Esq.
Douglas L. Sanders, Esq.
FRIEDMAN & WOLF
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500