Ronald B. Goodman (RG6601)
Philip T. Simpson (PS9707)
ROBINSON BROG LEINWAND GREENE
 GENOVESE & GLUCK P.C.
Attorneys for Defendant
1345 Avenue of the Americas
New York, New York 10105-0143
(212) 603-6300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
Demos Demopoulos, Steven Goldman,           :
Michael N. Romita, John Jack Dresch and     :
Joseph LaForgia: as TRUSTEES of the         :      Civil Action No.
LOCAL 553 PENSION FUND; and as              :      07 CIV 9451 (DC)(MHD)
TRUSTEES of the LOCAL 553 DEFERRED          :      ECF Case
COMPENSATION FUND,                          :
                                            :
                    Plaintiffs,             :
        -against-                           :
                                            :
MYSTIC TANK LINES CORP.,                    :
                                            :
                    Defendant.              :
-----------------------------------------------------------x

# MEMORANDUM OF LAW IN OPPOSITION TO
# PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELMINARY STATEMENT AND STATEMENT OF FACTS ............................................... 1

ARGUMENT .......................................................................................................................... 2

    THE SUMMARY JUDGMENT STANDARD ..................................................................... 2

    POINT I: THE AMBIGUITIES IN THE AGREEMENTS BETWEEN MYSTIC AND PLAINTIFF CREATE GENUINE ISSUES OF MATERIAL FACTS, PRECLUDING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS. ....................................................... 3

        A.   LIQUIDATED DAMAGES ................................................................................ 3

            (i) AMBIGUITY IN DEFINING "LIQUIDATED DAMAGES" ....................... 3

            (ii) THE LIQUIDATED DAMAGES PROVISIONS OF ERISA SECTION 502(g)(2)(C) MUST BE STRICTLY CONSTRUED IN FAVOR OF MYSTIC ............... 4

        B.   INTEREST CALCULATIONS ............................................................................ 5

            (i)   10 OR 30 DAYS? ............................................................................... 5

            (ii)  TOTAL AMOUNT OF INTEREST DUE – EXHIBIT G OF LEFKOWITZ DECLARATION ................................................................. 6

CONCLUSION ....................................................................................................................... 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 ................................................................. 2

*Fallu Productions, Inc. v. U.S.*, 2008 WL 397912 ............................................................. 4

*Kerzer v. Kingly Manufacturing*, 156 F.3d 396 ................................................................. 2

*Mason Tenders Dist. Council v. Aurash Const. Corp.*, 2006 WL 647884, .................... 4

*Noonan, Astley & Pearce, Inc. v. Insurance Co. of North America*, 1994 WL
    114823 ............................................................................................................................ 3

*Sayers v. Rochester Telephone Corp. Supplemental*
    *Management Pension Plan*, 7 F.3d 1091 ..................................................................... 3

*Schwartz v. Romnes*, 495 F.2d 844 (2d Cir. 1974) ............................................................. 4

*Security Insurance Co. of Hartford v. Old Dominion Freight Line, Inc.*,
    391 F.3d 77 ................................................................................................................... 2

*Seiden Associates v. ANC Holdings, Inc.*, 959 F.2d 425 ................................................. 3

*U.S. v. Various Tugs and Scows*, 225 F. 505 ................................................................... 4

*Winter v. U.S.*, 196 F.3d 339 .............................................................................................. 2

## STATE CASES

*Amusement Business Underwriters, a Division of Bingham & Bingham, Inc. v.*
    *American Intern. Group, Inc.*, 66 N.Y.2d 878, 498 N.Y.S.2d 760 ............................. 3

*People v. Consolidated Edison Co. of New York, Inc.*,
    41 A.D.2d 809, 342 N.Y.S.2d 313 ............................................................................... 5

*Van Wagner Adv. Corp. v. S & M Enterprises*,
    67 N.Y.2d 186, 501 N.Y.S.2d 628 ............................................................................... 3

*W.W.W. Associates, Inc. v. Giancontieri*,
    77 N.Y.2d 157, 565 N.Y.S.2d 440 ............................................................................... 3

## FEDERAL STATUTES

Fed. R. Civ. P. 56 ................................................................................................................ 2

Section 502 (g)(2)(C) of ERISA, 29 U.S.C. § 1132 (g)(2)...................................................4

Section 502 (g)(2)(C)(ii) of ERISA, 29 U.S.C. § 1132 (g)(2)(C)..........................................5

## PRELMINARY STATEMENT AND
## STATEMENT OF FACTS

Defendant Mystic Tank Lines Corp. ("Mystic" or "Defendant") submits this Memorandum of Law in opposition to Plaintiffs' motion for summary judgment.

Plaintiffs, who are or were trustees of pension and welfare funds for the benefit of Mystic's employees who are members of Teamsters Local 553, brought this action to recover monthly benefit contributions due from Mystic for the months of June through September, 2007. (*See* Amended Complaint, ¶ 9). While this action has been pending, Mystic has paid the contributions due for June through September 2007 and also the contributions due for October, November, and December, 2007.

Despite plaintiffs' failure to amend their complaint to specifically assert claims for contributions in respect of months following December 2007, plaintiffs have moved for summary judgment for benefits contributions due with respect to the months of January through April, 2008. (*See* Plaintiffs' Rule 56.1 Statement at ¶ 26). Plaintiffs also seek 18% interest in respect of the January through April, 2008 contributions and "liquidated damages" equal to 20% of the unpaid contributions. (*See* id. at ¶¶ 27 – 28).

Mystic does not contest that it owes the benefit contributions for the months of January through April, 2008, and Mystic hopes soon to be in a financial position whereby it can make those payments. However, Mystic asserts that plaintiffs' request for summary judgment as to the interest plaintiffs are seeking, and as to the "liquidated damages" plaintiffs are seeking, should be denied because of the existence of genuine issues of fact. These issues of fact are:

1) The date on which benefits payments are due and hence from which interest is calculated. Mystic contends that there is an ambiguity in the contract documents as to whether this date is the 10th day, or the 30th day following the close of the month.

1

2) Plaintiffs' calculation of total interest claimed. While plaintiffs have not set forth their calculations, it appears that plaintiffs are seeking interest for time periods prior to the January through April 2008 months for which plaintiffs are seeking contribution payments.

3) Plaintiffs' entitlement to "liquidated damages." Neither the Plan, nor ERISA itself, sets forth the amount of liquidated damages and hence there is no basis on which to calculate this element of plaintiffs' claim.

Mystic has outlined the focal facts in support of its opposition to plaintiffs' motion for summary judgment in Mystic's Response to Plaintiffs' Local Rule 56.1 Statement and in the Declaration of Salvatore Sammartano.

## ARGUMENT

### The Summary Judgment Standard

Summary judgment may be granted only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *e.g.*, Winter v. U.S., 196 F.3d 339, 346 (2d Cir. 1999). When examining the evidence, the Court should resolve all factual ambiguities and grant all inferences in favor of the non-moving party, Kerzer v. Kingly Mfg., 156 F.3d 396, 400 (2d Cir. 1998), and the evidence should be construed liberally in favor of the party opposing the motion. *See, e.g.*, Security Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 83 (2d Cir. 2004).

"If, as to the issue on which summary judgment is sought, there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party, summary judgment is improper." Id. at 82-83; *see, e.g.*, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To defeat summary judgment, the non-moving party need offer only enough evidence to enable a reasonable jury to return a verdict in its favor. *See* id.

POINT I
THE AMBIGUITIES IN THE AGREEMENTS BETWEEN
MYSTIC AND PLAINTIFF CREATE GENUINE ISSUES OF MATERIAL FACTS,
PRECLUDING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFFS.

The agreements between Mystic and plaintiffs are susceptible to different reasonable interpretations, and the various ambiguities highlighted herein create issues of fact precluding summary judgment. This Court has set forth that in addressing the question of ambiguity, "the court must consider whether the contract's language, and the inferences to be drawn from it, are susceptible to more than one reasonable interpretation." Noonan, Astley & Pearce, Inc. v. Insurance Co. of North America, 1994 WL 114823, *8 (S.D.N.Y. 1994) (citing Seiden Assocs. v. ANC Holdings, Inc., 959 F.2d 425, 429 (2d Cir.1992)). So long as the interpretation proffered by Mystic of an ambiguity in a contract is a reasonable interpretation, Mystic has set forth an issue of fact precluding summary judgment. Noonan v. Insurance Co., 1994 WL 114823, *8 (S.D.N.Y. 1994). *See also*, Sayers v. Rochester Telephone Corp. Supplemental Management Pension Plan, 7 F.3d 1091, 1094 (2d Cir.1993); W.W.W. Associates, Inc. v. Giancontieri, 77 N.Y.2d 157, 565 N.Y.S.2d 440 (1990); Van Wagner Adv. Corp. v. S & M Enters., 67 N.Y.2d 186, 191, 501 N.Y.S.2d 628, 631 (1986); Amusement Business Underwriters, a Div. of Bingham & Bingham, Inc. v. American Intern. Group, Inc., 66 N.Y.2d 878, 498 N.Y.S.2d 760 (1985).

The following ambiguities exist in the agreements between Mystic and plaintiffs:

A.  Liquidated Damages

(i) Ambiguity in defining "liquidated damages"

The Amended and Restated Trust Agreement ("Trust Agreement") contains an ambiguity in Section 4(c)(3). (Defendant's Response to 56.1 Stmt., ¶¶ 8(c), 28; Lefkowitz Decl. Exh. B, p.10). Mystic interprets Section 4(c)(3) as containing a circular definition of "liquidated

3

damages." On its face, the Trust Agreement provides for "*liquidated damages* as provided in Section 502 (g) (2) (c) of ERISA." (Lefkowitz Decl. Exh. B, p.10) (emphasis added). However, Section 502 (g)(2)(C) of ERISA, 29 U.S.C. § 1132 (g)(2)(C), references the term *liquidated damages* in section (g)(2)(C)(ii): "liquidated damages provided for under the *plan* in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A)." (*See* Defendant's Response to 56.1 Stmt., ¶28) (emphasis added).

Since the Plan merely references the statute, which in turn references the plan, neither the Plan nor the statute provides a specific amount or basis for computing liquidated damages. The statute's reference to "20 percent" is merely a cap on liquidated damages, not a basis for computation. Accordingly there is no specific amount of liquidated damages that can be cited by plaintiffs as due from defendant, with respect to the *liquidated damages* portion of the Trust Agreement, Section 4 (c) (3).

(ii) The Liquidated Damages Provisions of ERISA SECTION 502(g)(2)(C) must be strictly construed in favor of Mystic.

The awards under ERISA Section 502 (g)(2)(C) are interchangeably referred to as statutory penalties. *See, e.g.*, Mason Tenders Dist. Council v. Aurash Const. Corp. 2006 WL 647884, *2 (S.D.N.Y.,2006). A statute prescribing a civil penalty that is penal in nature must be strictly construed, *see, e.g.,* Schwartz v. Romnes, 495 F.2d 844, 848-849 (2d Cir. 1974), and in favor of the party against whom the penalty is sought to be imposed. Fallu Productions, Inc. v. U.S., 2008 WL 397912, *2 (S.D.N.Y. 2008) (citing general proposition that tax penalty provisions to be strictly construed in favor of taxpayers); U.S. v. Various Tugs and Scows, 225

4

F. 505, 508 (S.D.N.Y. 1915); People v. Consolidated Edison Co. of New York, Inc. 41 A.D.2d 809, 810, 342 N.Y.S.2d 313, 314 (1st Dep't 1973).

Here, where the statutory penalty provision in ERISA Section 502 (g)(2)(C)(ii), 29 U.S.C. § 1132 (g)(2)(C)(ii), provides for the term *liquidated damages* in the context of an amount as provided for by the plan, and where the plaintiffs' Plan failed to specify a percentage certain for *liquidated damages*, a strict reading of the statute will leave no definite basis for any amount of liquidated damages to be assessed against Mystic. (Defendant's Response to 56.1 Stmt., ¶¶ 8(c), 28; Lefkowitz Decl. Exh. B, p. 10).

Mystic contends that plaintiffs' motion for summary judgment as to liquidated damages in the amount of $45,170.68 should be denied.

B.  Interest Calculations

(i)  10 or 30 Days?

The agreements are also ambiguous as to when Mystic's payments to the Pension Fund are due. This determination is critical, because interest begins to run from the due date.

The Trust Agreement provides in Article V, Section 1, "Employer Contributions for all payroll periods ending during a calendar month must be paid no later than the *30th day* of the following calendar month." (Lefkowitz Decl. Exh. B, p.9) (emphasis added). However, the Memorandum of Agreement provides in section (a), "The Employer agrees that on or before the *10th of each month*, he will make contributions to Local 553 PENSION FUND for all hours for which pay is drawn...." (Leftkowitz Decl. Exh. A).

Because interest is to be calculated from the due date of the payments, and there is an ambiguity as to the due date, plaintiffs' motion for summary judgment on interest must be denied.

(ii)    <u>Total Amount of Interest Due – Exhibit G of Lefkowitz Declaration</u>

While plaintiffs seek recovery of contributions for January though April of 2008 in their motion for summary judgment, the interest of $14,177.06 that plaintiffs seek for these contributions reveals a calculation of interest stemming as far back as June of 2007. Plaintiffs do not detail their calculation of interest except by a chart attached to the Lefkowitz Declaration as Exhibit G. Examination of Exhibit G makes it apparent that plaintiffs are seeking interest from June, 2007. (*See* Plaintiff's Memorandum of Law, pp. 1, 3; Lefkowitz Decl. Exh. G).

Putting aside whether the interest was calculated from the correct date that payment was due, or concerns that the interest calculations are bereft of explanation as to computational breakdown, the larger concern is that plaintiffs have included interest calculations for months as to which Mystic has paid all contributions, namely from June 2007 through December 2007. (Plaintiff's Memorandum of Law, pp. 1, 3; Leftkowitz Decl. Exh. G; Sammartano Decl. ¶¶ 4-5). For this reason, plaintiffs' request for summary judgment as to interest in the amount of $14,177.06 should be denied.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' motion for summary judgment as to interest and liquidated damages should be denied.

Dated: New York, New York
      June 24, 2008

                                               Respectfully submitted,

                                               ROBINSON BROG LEINWAND GREENE
                                                 GENOVESE & GLUCK P.C.

                                               */s/ Philip T. Simpson*
                                               Philip T. Simpson (PS9707)
                                               Ronald B. Goodman (RG6601)
                                               Attorneys for Defendant
                                               1345 Avenue of the Americas
                                               New York, New York 10105
                                               (212) 603-6300

To:

William K. Wolf, Esq.
Douglas L. Sanders, Esq.
FRIEDMAN & WOLF
1500 Broadway, Suite 2300
New York, New York 10036
(212) 354-4500